IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS-
MARSHALL DIVISION

| | |
|---|---|
| OSCAR VERNON KIRVIN, JR.<br>PLAINTIFF<br><br>VS.<br><br>A.P.I. SYSTEMS GROUP, INC. and<br>WESTERN STATES FIRE<br>PROTECTION COMPANY,<br>DEFENDANTS | §<br>§<br>§<br>§   No. ___ CV __2-03CV-042 DF__<br>§   Judge: _____<br>§<br>§<br>§<br>§ |

### ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW OSCAR VERNON KIRVIN, JR., hereafter called Plaintiff, complaining of A.P.I SYSTEMS GROUP, INC. and WESTERN STATES FIRE PROTECTION COMPANY and for cause of action would respectfully show the Court and Jury as follows:

### PARTY, JURISDICTION AND VENUE ALLEGATIONS

1.0     Plaintiff is a citizen and resident of the Eastern District within the State of Texas.

2.0     Defendant A.P.I. SYSTEMS GROUP, INC. is a Wyoming Corporation which has its principal place of business in St. Paul, Minnesota. This Defendant may be served through its agent for service in the State of Texas, Mr. Danny Leger at 11624 Chairman Drive, Dallas, Texas 75243.

3.0     Defendant WESTERN STATES FIRE PROTECTION COMPANY is a Minnesota Corporation which has its principal place of business in Denver, Colorado.

This Defendant may be served through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

4.0   This Court has Jurisdiction under 28 U.S.C. 1332(a) because the case involves a controversy between citizens of different states and the amount in controversy is greater than $75,000.00, excluding interest and costs.

5.0   Venue is proper in the United States District Court for the Eastern District of Texas under 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions occurred in Sherman, Texas, a place within the Eastern District of Texas.

## FACTUAL ALLEGATIONS

6.0   On or about the morning of August 17, 2001, Plaintiff was engaged as a police officer on the premises of Austin College in Sherman, Texas. In the course of his duties, he was summoned to a library facility to respond to a fire alarm signal in the rare book room at Abell Library, when suddenly, and without cause or notice, the fire system activated resulting in exposure of the Plaintiff to harmful chemicals which resulted in personal injuries and damages to said Plaintiff for which this action is brought seeking reasonable and adequate compensation from the responsible parties. On affirmation and belief, the fire prevention system in the rare book room was installed and maintained by A.P.I. Systems Group, Inc., or its predecessor, Western States Fire Prevention Company, or its predecessor Universal Fire Equipment, Company (which was merged into Western States Fire Prevention Company on or about September 30, 1998).

## NEGLIGENCE ALLEGATIONS

7.0   The fire suppression system in the rare book room for the Abell Library was installed and or maintained by Defendants. Each Defendant, either directly, or

through assumption of such duty by merger, owed the Plaintiff and the general public a duty to use ordinary care in the installation and or maintenance of the system. On affirmation and belief, this duty was breached by Defendants individually, and or by and through the actions of its agents, servants or employees or predecessors in one or more of the following:

a. The Defendant was negligent in its installation or maintenance of the fire suppression system in question in that the suppression system was installed and or maintained in such a fashion as to allow release of the fire suppression chemicals in the absence of a fire or heat source;

b. The Defendant was negligent in the installation or maintenance of the fire suppression system in question by reason of the charging of the system with the wrong fire suppression material;

c. The Defendant was negligent in the installation or maintenance of the fire suppression system in question by reason of its failure to adequately train and or supervise its personnel charged with the duty of inspecting and maintaining the fire suppression system;

d. In failing to provide adequate warnings of the dangers posed by the materials used, reasonably calculated to reach the persons exposed and/or whom defendants knew or should have known would be exposed;

e. In failing to provide adequate warnings to the users and/or those exposed to the materials, regarding the known and/or reasonably discoverable danger of contracting severe, permanent, and disabling injuries to their bodies in general, as well as, immune system, neurological and various target organ

damage, from exposure to and/or use of the materials used in production;

    f.    In failing to adequately and sufficiently test materials used in production concerning the adverse effect(s) of exposure to persons such as Plaintiff;

    g.    In failing to furnish proper equipment, devices, appliances and/or instruct Plaintiff as to the proper equipment, devices and appliances required for safe use, and how to use such;

    h.    In failing to adequately and sufficiently instruct or notify Plaintiff of proper safety measures, procedures, precautions and practices to reduce and/or eliminate the danger(s) posed by exposure to the material;

    i.    In failing to adequately and sufficiently label materials with warnings concerning the danger of exposure to Plaintiff;

    j.    In failing to provide adequate and sufficient instructions concerning the safe use of the materials, proper protective equipment, devices and/or appliances, safety measures, procedures, precautions and/or practices, with the materials used;

    k.    In failing to inspect, study and evaluate all materials used in production at the plant to ascertain fitness for use and proper methods to insure safety of Plaintiff.

    l.    Plaintiffs cannot more specifically allege the acts of negligence on the part of this Defendant because the facts in that regard are peculiarly within the knowledge and control of the Defendants. In the alternative, Plaintiff relies on the doctrine of *res ipsa loquitur*. In this connection, Plaintiff would show that the

character of the occurrence(s) giving rise to this litigation is such that it would not have happened in the absence of negligence and that the instrumentality in question was within the exclusive control of one or more of the Defendants prior to and at the time of the occurrence. The Plaintiff will show that each or all of the foregoing acts or omissions, singularly or in combination with one another, was a proximate cause of the injuries and damages for which suit is brought herein.

## STRICT PRODUCTS LIABILITY

### A. MARKETING DEFECT

8.0 The Defendants manufactured, marketed, sold, distributed, supplied, and/or placed in the streams of commerce the toxic materials or defective fire suppression system described herein which were defective and unreasonably dangerous in the way that they were marketed by Defendants because they did not contain and were not accompanied by fair, reasonable, or adequate warning of the dangers reasonably calculated to reach persons who were exposed, the persons responsible for allowing the exposure, and all persons Defendants knew or should have foreseen would be exposed. Such defect in marketing was a producing cause of the injuries alleged and suffered by Plaintiffs, as more particularly described herein.

### B. DESIGN DEFECT

9.0 Further, the products that were manufactured, marketed, sold, distributed, supplied, or placed in the stream of commerce by Defendant were of such a toxic nature that they were unreasonably dangerous in their design. The purpose of the fire suppression system was to ensure fire safety at the library of

the Austin College facility. The failure of the fire suppression system caused or contributed to the toxic exposures of the Plaintiff. The chemicals used in the fire suppression system created an abnormal danger when used in the manner which they were utilized by this Defendant to the Plaintiff and other similarly situated when balanced with the utilities of such products and Defendants should be held liable in strict liability pursuant to the rulings of the Texas Courts and as adopted in the **Restatement of Torts 2d, Section 402A, et al.** Such design defects were a producing cause of the injuries alleged and suffered by Plaintiff.

## BREACH OF WARRANTY

10.0 Each of the Defendants is a merchant as that term is defined in the **Texas Business and Commerce Code** in that the Defendant deals in goods of the kind in question and each holds itself out as having knowledge peculiar to such products. As a merchant, pursuant to the **Texas Business and Commerce Code**, Defendant expressly and impliedly warranted and represented that its products and services in general, and the fire suppression system and its maintenance were merchantable and fit for the ordinary purposes for which such products are used, and that it would perform the installation and maintenance of the system in a good and workmanlike manner. These warranties and representations on the part of Defendants were false. In fact, such products at the time of sale were unmerchantable and unfit for their intended use, and further, Defendant did not maintain or install the system in a good and workmanlike manner, breaching its warranties implied by law as well as express warranties, all of which were a producing cause of the injuries sustained by the Plaintiff and his resulting

damages. Thus, Plaintiff is entitled to recover under provisions of the **Texas Business and Commerce Code** as well as other applicable warranty laws of the State of Texas.

11.0   Any disclaimer of warranties by this Defendant was ineffective for the reason that the disclaimer was not a basis of the bargain. In the alternative, such disclaimer, if any, was not conspicuous. In the alternative, such a disclaimer is unconscionable under the **Texas Business and Commerce Code** and as such, Plaintiffs pray that such disclaimer not be enforced. Any limitations of consequential damages by any Defendant is unconscionable under the **Texas Business and Commerce Code**, and Plaintiffs pray that any such limitation not be enforced. All exclusive or limited remedies provided by Defendants have failed of their essential purpose; therefore, not withstanding any such disclaimer or limitation of remedies, Plaintiffs seek and are entitled to recover all damages recoverable under the **Texas Business and Commerce Code** and all damages recoverable at common law for such breach, including the Plaintiff's actual damages as pled for herein below, pre and post judgment interest, costs of court, and reasonable and necessary attorney fees under Chapter 38 of the Texas Civil Practices and Remedies Code through trial and appeal of any judgment herein. All conditions precedent to suit and recovery of attorney's fees have been accomplished.

## FRAUD AND FRAUDULENT CONCEALMENT

12.0   Plaintiffs would show that the Defendant has engaged in fraudulent concealment of the true nature of exposures to which the3 Plaintiff has been

subjected. The Plaintiff alleges that the Defendant committed acts and omissions which were calculated to, and did, fraudulently conceal from him the identity of the substance to which he was exposed, and as well the true conditions and dangers of working in and around the products in question. This Defendant has maintained that the product in question was Halon 1301. The Plaintiff and his medical providers acted in reliance on the representation that the Plaintif was exposed to Halon 1301. However, Halon 1301 is a colorless gas. The material which the Plaintiff was exposed was a solid white powdery substance. Plaintiff now knows that the representation of the identity of the material he was exposed to was is and was false. The Plaintiff has requested the true identity of the substance to which he was exposed to be revealed; but no such revelation has been made. The intentional falsity of the defendants' representations has resulted in substantial damages and injuries to the Plaintiff for which this suit is also brought. The misrepresentation of the identity of the chemicals to which the Plaintiff was exposed has resulting is serious and substantial impairment to effective medical treatment of the injuries and illnesses suffered by reason of such exposure and compounding and complicating the damages done to him by the Defendant's products. The specific actions of fraud and fraudulent misrepresentation were taken intentionally and with malice, entitling the Plaintiff to an award of punitive or exemplary damages against the Defendants in a sum within the discretion of the jury and in accordance with the constitutions of the State of Texas, the United States of America and Chapter 41 of the Texas Civil Practices and Remedies Code.

## DAMAGES

13.0    As a proximate and or producing result of the acts and or omissions of the Defendant as herein above have been set forth in good and sufficient detail, the Plaintiff has been caused to suffer personal injuries, including permanent disability, and for these injuries, the Plaintiff seeks a recovery of damages for the following elements: (1) pain, suffering and mental anguish, past and future; (2) loss of earning capacity, past and future; (3) disfigurement, past and future; (4) physical impairment, past and future; (5) mental impairment, past and future; (6) medical expenses and care, past and future; (7) household services, past and future; (8) loss of consortium, past and future; and (9) medical monitoring costs in the future, each element in such a sum as may be determined by the trier of fact as would fairly and reasonably compensate the Plaintiff for such injuries and damages as found by such jury to have been caused by the conduct complained of, but in no event greater than two million dollars, a sum recited for the sole reason of satisfaction of the pleading requirement to specify the maximum of actual damages sought by the suit.

## JURY DEMAND

14.0    Plaintiffs demand a jury trial.

## PRAYER

15.0    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and upon trial hereof, the Plaintiff have judgment of the Court that he have and recover of and from the Defendant such actual damages which may be proven to the satisfaction of the

jury in this cause, together with prejudgment and post-judgment interest as may be allowed by Texas law, costs of Court, attorney fees, and exemplary damages should same be found appropriately awarded by the trier of fact, together with such other damages, general or special to which the Plaintiff may prove to be entitled at law or in equity.

Respectfully submitted,

Bruce A. Craig
State Bar No. 04975270
Lead Counsel for Plaintiff

Of Counsel:

THE CARLILE LAW FIRM, LLP
400 S. Alamo Street
Marshall, Texas 75672
(903) 938-1655
Fax: (903) 938-0235

David C. Carlile
State Bar No. 03804500

D. Scott Carlile
State Bar No. 24004576

Casey Q. Carlile
State Bar No. 24025868

Mark Strachan
State Bar No. 19351500